■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERTA HAMEL, Appellant. — Appeal from a judgment of the County Court of Rensselaer County (Dwyer, Jr., J.), rendered January 13, 1982, upon a verdict convicting defendant of two counts of the crime of assault in the first degree and one count of the crime of grand larceny in the third degree. During the early morning hours of July 29, 1979, defendant Roberta Hamel, a reputed prostitute, shot Michael Frumkin. She was apprehended by the police while running from the victim's apartment. Frumkin's wallet and gun, with which she had shot him, were discovered in her possession. After being placed in a squad car for transportation to police headquarters, she began, without any interrogation, to recount the evening's events to a police officer who immediately read her the *Miranda* warnings. Defendant paused and continued with her story. After being booked, the *Miranda* warnings were read to defendant once again; she then discussed the shooting and signed a written waiver of her right to counsel. Eventually she signed a written statement in which she acknowledged shooting Frumkin because he had "made advances" towards her. Before providing this statement, Hamel also talked freely and voluntarily about the shooting with a police matron. Defendant was charged by indictment with having

committed the crimes of attempted murder in the second degree, assault in the first degree and robbery in the first degree. At trial, defendant admitted shooting Frumkin and relied on the defense of justification. The jury convicted her (1) of first degree assault, (2) of the lesser included offense of first degree assault on the count of attempted murder in the second degree, and (3) of third degree grand larceny on the robbery, first degree, count. Defendant was sentenced to a term of one and one-half to four and one-half years on one of the assault convictions, and a concurrent term of zero to four years was imposed for the grand larceny conviction. Initially, defendant maintains that it was error for the court to allow the jury to view Frumkin's apartment after opening statements had been made and before any witnesses had testified. CPL 270.50 (subd 1) confers discretion on the trial court to permit a jury view at "any time before the commencement of the summations" if the view "will be helpful to the jury in determining any material factual issue". The layout of Frumkin's apartment was sufficiently uncommon that reconstruction of the location of each room from verbal descriptions and photographs alone would create a perplexing image for the jurors. Furthermore, the court carefully inquired about any changes in the apartment which had occurred since the night of the crime and admonished the jurors to concern themselves only with the location of the apartment and its physical layout (cf. *People v McCurdy,* 86 AD2d 493). In view of these circumstances, the jury view was appropriate. It is also charged that reversible error occurred when the trial court refused to allow a psychiatrist to testify that defendant's conduct was induced by past psychological trauma involving instances when she had been sexually assaulted and threatened. A defendant relying on the justification defense must prove his conduct was reasonable under the circumstances (Penal Law, § 35.15). Here defendant testified fully about her thoughts and actions on the evening of the shooting and her unfortunate personal history. In light of this testimony, the jury could properly fulfill its function of making the required judgment based upon objective standards. Injection of psychiatric testimony into the normal case where justification is claimed would effectively usurp the jury's role in determining what is reasonable. When the defense fails to advance a claim of mental disease or defect, psychiatric testimony should usually be excluded (CPL 60.55; Bellacosa, Practice Commentary, McKinney's Cons Laws of NY, Book 11A, CPL 60.55, p 696). Nor do we find any fault with the trial court's refusal to suppress defendant's statements; they were either made spontaneously or after defendant's knowing waiver of her *Miranda* rights. We also note that the prosecution proved guilt beyond a reasonable doubt and that the sentence pronounced, which was the statutory minimum, cannot be regarded as excessive. Finally, we find it necessary to modify defendant's conviction in one respect. Because the trial court's charge on the lesser included offense of first degree assault was identical to and covered the very same conduct involved in its charge on the first degree assault count specifically charged in the indictment, the latter charge should not have been given. Instead, the specifically pleaded assault count should have been submitted to the jury as an alternative lesser included offense of attempted murder in the second degree. Defendant's conduct was such that she can be guilty of only one count of first degree assault; accordingly, her conviction of the specifically pleaded assault count is sustained, but the second conviction for assault in the first degree is dismissed in the interests of justice (CPL 470.15). There is, however, no need to remit for resentencing because the sentencing court imposed a sentence for only one of the assault convictions. Judgment modified, as a matter of discretion in the interest of justice, by reversing the unpleaded conviction of first degree assault and dismissing the indictment as to that offense, and, as so modified, affirmed. Main, J. P., Mikoll, Yesawich, Jr., Weiss and Levine, JJ., concur.